IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISTRIBUTED MEDIA SOLUTIONS, LLC,<br><br>Plaintiff<br><br>v.<br><br>ASPIRO AB,<br><br>Defendant. | CIVIL ACTION NO. 2:22-CV-255<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER AND DEFENSES**

Defendant TIDAL Music LLC[1] ("Defendant" or "TIDAL") hereby responds to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Distributed Media Solutions, LLC ("Plaintiff" or "DMS") on July 8, 2022 as follows. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[2]

**NATURE OF THE ACTION**

1. Defendant admits that the Complaint purports to set forth a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Defendant denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement.

2. Defendant admits that purported copies of U.S. Patent Nos. RE47,053 (the "'053 Patent"), 8,122,004 (the "'004 Patent"), and 8,046,672 (the "'672 Patent") were attached to the Complaint as Exhibits A, B, and C. Defendant is without knowledge or information sufficient to

---

[1] Aspiro AB is improperly named as Defendant in this action. The proper Defendant to this action is TIDAL Music LLC.
[2] For avoidance of doubt, all allegations not specifically admitted herein (including any allegations contained in headings, which are reproduced solely for convenience) are denied.

1

form a belief as to the truth of all remaining allegations in Paragraph 2 of the Complaint, and on that basis, denies all such allegations.

3. Defendant admits that Plaintiff purports to seek to recover monetary damages, attorneys' fees, and costs. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint and on that basis, denies all such allegations.

5. Defendant admits that Aspiro AB is a company organized under the laws of Sweden, with its principal place of business at Grabrodersgatan 2, Malmo, Kalmar, Sweden, but denies that Aspiro AB is a proper party to this action. The TIDAL music streaming service is offered to customers nationally in the United States by TIDAL Music LLC.

## JURISDICTION AND VENUE

6. Defendant admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of patents, but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

7. Defendant denies that this Court has personal jurisdiction over it because it has not committed any acts giving rise to DMS's claims for patent infringement in this lawsuit. The TIDAL music streaming service is offered to customers nationally in the United States by TIDAL Music LLC, not Aspiro AB. For the purposes of this action only, Defendant does not contest

personal jurisdiction as to TIDAL Music LLC. Defendant denies all remaining allegations of Paragraph 7 of the Complaint.

8. Denied.

9. For the purposes of this action only, TIDAL does not dispute that venue is proper in this District, but TIDAL does deny that venue is a convenient one for this action. TIDAL denies the remaining allegations of Paragraph 9 of the Complaint.

## U.S. PATENT NO. RE47,053

10. Defendant admits that the face of the U.S. Patent RE47,053 ("the '053 Patent") indicates that it was issued on September 18, 2018, and is titled "METHOD AND SYSTEM FOR SUBSCRIBER-BASED AUDIO SERVICE OVER A COMMUNICATION NETWORK." Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

11. Defendant admits that a purported copy of the '053 Patent was attached to the Complaint as Exhibit A. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 of the Complaint and on that basis, denies all such allegations.

12. Denied.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint and on that basis, denies all such allegations.

14. Plaintiff Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint and on that basis, denies all such allegations.

## U.S. PATENT NO. 8,122,004

15. Defendant admits that the face of U.S. Patent No. 8,233,004 ("the '004 Patent") indicates that it was issued on February 21, 2012, and is titled "GENERATING AND

PROVIDING RICH MEDIA PRESENTATIONS OPTIMIZED FOR A DEVICE OVER A NETWORK." Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16. Defendant admits that a purported copy of the '004 Patent was attached to the Complaint as Exhibit B. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 of the Complaint and on that basis, denies all such allegations.

17. Denied.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis, denies all such allegations.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis, denies all such allegations.

**U.S. PATENT NO. 8,046,672**

20. Defendant admits that the face of U.S. Patent No. 8,064,672 ("the '672 Patent") indicates that it was issued on October 25, 2011, and is titled "METHOD AND SYSTEM FOR DELIVERING TECHNOLOGY AGNOSTIC RICH MEDIA CONTENT WITHIN AN EMAIL, BANNER AD, AND WEB PAGE." Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21. Defendant admits that a purported copy of the '672 Patent was attached to the Complaint as Exhibit C. Defendant lacks sufficient knowledge or information to admit or deny

the remaining allegations in Paragraph 21 of the Complaint and on that basis, denies all such allegations.

22. Denied.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint and on that basis, denies all such allegations.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint and on that basis, denies all such allegations.

## THE ASSERTED PATENTS

25. Denied.

26. Denied.

27. The specification of the '053 Patent speaks for itself, and Defendant disputes Plaintiff's characterizations of the '053 Patent. To the extent there are further allegations in Paragraph 27 of the Complaint, Defendant denies all such allegations.

28. The specifications of the '004 and '672 Patents speak for themselves, and Defendant disputes Plaintiff's characterizations of the '004 and '672 Patents. To the extent there are further allegations in Paragraph 28 of the Complaint, Defendant denies all such allegations.

## [DEFENDANT'S ALLEGEDLY] INFRINGING PRODUCTS AND ACTIVITIES

29. Denied. Defendant admits that TIDAL Music LLC, not Aspiro AB, provides the music streaming service TIDAL in the United States.

30. Defendant admits that TIDAL Music LLC offers a web player in the United States at TIDAL.com. Defendant denies the remaining allegations of Paragraph 30 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. RE47,053

31. Defendant incorporates its responses to Paragraphs 1-30 by reference as if fully set forth herein.

32. Denied.

33. Defendant admits that Paragraph 33 of the Complaint recites the language of claim 22 of the '053 Patent. Defendant denies the remaining allegations of Paragraph 33 of the Complaint.

34. Denied.

35. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint and on that basis, denies all such allegations.

36. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint and on that basis, denies all such allegations.

37. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint and on that basis, denies all such allegations.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant admits that it became aware of the '053 Patent as of the service of the Complaint. Defendant denies all remaining allegations in Paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Paragraph 47 contains a reservation of rights to which no response is required. Defendant otherwise denies the allegations in Paragraph 47 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,122,004**

48. Defendant incorporates its responses to Paragraphs 1-47 by reference as if fully set forth herein.

49. Denied.

50. Defendant admits that Paragraph 50 of the Complaint recites the language of claim 1 of the '004 Patent. Defendant denies the remaining allegations of Paragraph 50 of the Complaint.

51. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 51 of the Complaint and on that basis, denies all such allegations.

52. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Complaint and on that basis, denies all such allegations.

53. Denied.

54. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 of the Complaint and on that basis, denies all such allegations.

55. Denied.

56. Denied.

57. Denied.

58. Defendant admits that it became aware of the '004 Patent as of the service of the Complaint. Defendant denies all remaining allegations in Paragraph 58 of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Paragraph 63 contains a reservation of rights to which no response is required. Defendant otherwise denies the allegations in Paragraph 63 of the Complaint.

**COUNT III: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,046,672**

64. Defendant incorporates its responses to Paragraphs 1-63 by reference as if fully set forth herein.

65. Denied.

66. Defendant admits that Paragraph 66 of the Complaint recites the language of claim 1 of the '782 Patent. Defendant denies the remaining allegations of Paragraph 66 of the Complaint.

67. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint and on that basis, denies all such allegations.

68. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint and on that basis, denies all such allegations.

69. Denied.

70. Denied.

71. Denied.

72. Defendant admits that it became aware of the '672 Patent as of the date of service of the Complaint. Defendant denies the remaining allegations of Paragraph 72 of the Complaint.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Paragraph 77 contains a reservation of rights to which no response is required. Defendant otherwise denies the allegations in Paragraph 77 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

78. Plaintiff's jury demand does not require a response.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the allegations contained in Plaintiff's Prayer for Relief, and Defendant further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in paragraphs a-f of its Prayer for Relief. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## DEFENSES

Upon information and belief, and subject to its responses above, Defendant asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Defendant bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Defendant expressly reserves the right to amend its Answer or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

Defendant incorporates by reference the factual background recited infra in Paragraphs 1-78.

## FIRST DEFENSE
## (Non-Infringement)

Defendant does not infringe and has not infringed directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of, any valid and

enforceable claim of U.S. Patent Nos. RE47,053 (the "'053 Patent"), 8,122,004 (the "'004 Patent"), and 8,046,672 (the "'672 Patent") (collectively, "the Asserted Patents"). It is not the case that each and every limitation of the asserted claims is present either directly or indirectly, and either literally or under the doctrine of equivalents, in the Accused Products.

## SECOND DEFENSE
## (Invalidity)

The claims of the Asserted Patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, one or more claims of the Asserted Patents are invalid because they claim patent-ineligible subject matter. As another example, the claims of the Asserted Patents are anticipated and/or rendered obvious by one or more prior art references and are thus invalid under 35 U.S.C. §§ 102 and/or 103. Additionally, one or more claims of the Asserted Patents are invalid for failing to satisfy the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

## THIRD DEFENSE
## (Statutory Limit on Damages)

Plaintiffs' claim for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. Without limitation, any claim for damages by Plaintiffs is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement of the Asserted Patents to Defendant. Defendant alleges on information and belief that any claim for pre-lawsuit damages is barred, in whole or in part, for failure to comply with the patent marking and notice requirements of 35 U.S.C. § 287.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

Plaintiff's claims are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants during prosecution.

## FOURTH DEFENSE
### (Intervening Rights)

Pursuant to 35 U.S.C. § 252, Defendant is entitled to absolute and equitable intervening rights with respect to the '053 Patent.

## SIXTH DEFENSE
### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by an express or implied license, and/or the equitable doctrines of acquiescence, estoppel, laches, patent misuse, unclean hands, and/or any other equitable remedy.

## SEVENTH DEFENSE
### (Defective Reissue Proceeding)

The reissued '053 Patent is invalid for failure to comply with 35 U.S.C. § 251 because, for example, the scope of the claims of the reissued patent are impermissibly broader than the scope of the claims of the original patent, Plaintiff used the reissue process to change its original invention from a method to a method, a computer system, and a non-transitory computer-readable medium, and Plaintiff did not specify an error properly correctable by reissue during the reissue proceeding.

## EIGHTH DEFENSE
### (Case Not Exceptional)

Plaintiff is precluded from recovering its reasonable attorneys' fees under 35 U.S.C. § 285.

## NINTH DEFENSE
## (No Willful Infringement)

Plaintiffs are not entitled to enhanced or increased damages for willful infringement because Defendant has not engaged in any conduct that meets the applicable standard for willful infringement. Should Defendant be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all issues so triable.

Dated: September 15, 2022

Respectfully submitted,

*/s/ Holly H. Saporito*
Holly H. Saporito
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
holly.saporito@alston.com

Michael J. Newton
**ALSTON & BIRD LLP**
2200 Ross Ave, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com

Nicholas Choi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
nick.choi@alston.com

*Attorneys for Defendant TIDAL Music LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on September 15, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Holly H. Saporito*
Holly H. Saporito